UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CHEIMAGGIE CORDERO,

                        Plaintiff,

         - against -

NORTH EASTERN ASSET RECOVERY, INC.,

                        Defendant.
------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JUN 19 2009 ★
BROOKLYN OFFICE

COMPLAINT
09    2609
IRIZARRY, J.
POLLAK, M.J

Plaintiff CHEIMAGGIE CORDERO ("CORDERO"), by her attorneys, the Law Office of Christopher P. Foley, LLC, as and for a complaint against the above-captioned defendant, alleges as follows:

### JURISDICTION AND VENUE

1. This action arises under the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*, and specifically 15 U.S.C. § 1692k.

2. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), inasmuch as a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of New York, because that is where CORDERO received the written communications at issue.

### PARTIES

4. At all times hereinafter mentioned, CORDERO was and is a natural person, a citizen of the State and City of New York and a resident of 73 Stewart Street, Brooklyn, New York.

5. Upon information and belief, at all times hereinafter mentioned, defendant NORTH EASTERN ASSET RECOVERY, INC. ("NORTH EASTERN") was and is a corporation organized and existing pursuant to the laws of the State of New York, with a principal place of business at 22 Saw Mill River Road, Hawthorne, New York.

6. Upon information and belief, at all times hereinafter mentioned, NORTH EASTERN was and is a "debt collector," as defined by 15 U.S.C. § 1692a(6).

## AS AND FOR A FIRST CAUSE OF ACTION

7. On or about July 1, 2008, NORTH EASTERN did mail or have mailed to CORDERO, at the address listed in paragraph 4 above, a notice concerning a debt of $559.86 allegedly owed by CORDERO to Long Island College Hospital (the "alleged debt").

8. On or about July 16, 2008, NORTH EASTERN did mail or have mailed to CORDERO, at the address listed in paragraph 4 above, a second notice concerning the alleged debt.

9. Both of the aforementioned notices is a "communication," as defined by 15 U.S.C. § 1692a(2), concerning a "debt," as defined by 15 U.S.C. § 1692a(5).

10. When it sent the notices, NORTH EASTERN violated § 1962e(14) of the FDCPA, as well as § 1962e's general ban on false, deceptive and misleading representations and means, because while both of the notices were sent by NORTH EASTERN, each bears the name "North Eastern Recovery, Inc.," which is a business, company or organization name other than NORTH EASTERN's true name.

11. Accordingly, NORTH EASTERN is liable to CORDERO for all damages actually sustained by her as a result of NORTH EASTERN's conduct, for statutory damages in an amount to be fixed by the Court, and for her costs and a reasonable attorney's fee.

**WHEREFORE** CORDERO demands judgment for:

(i) the sum of all damages sustained as a result of NORTH EASTERN's conduct (as outlined above);

(ii) statutory damages in the amount of $1,000.00 for each of the notices;

(iii) costs and a reasonable attorney's fee; and

(iv) for such other and further relief as to this Court may seem just and proper.

Yours, etc.,

LAW OFFICE OF
CHRISTOPHER P. FOLEY, LLC

By: _____
Christopher P. Foley (CF 6079)

Attorneys for Plaintiff
Office and P.O. Address
The Katonah Professional Building
51 Bedford Road
Katonah, New York 10536
(914) 301-5925